UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

HORACE G. FRIEND,

                Plaintiff,

v.

AMERICAN FAMILY INSURANCE,

                Defendant.

CASE NO. 21-5306 RJB

ORDER ON MOTION FOR SUMMARY JUDGMENT

This matter comes before the Court on the Defendant's Motion for Summary Judgment. Dkt. 12. The Court has considered the pleadings filed in support of and in opposition to the motion and the file herein.

## I.    RELEVANT FACTS AND PROCEDURAL HISTORY

**A. FACTS**

On April 27, 2021, the Plaintiff, *pro se,* filed this "Bad Faith" case against his insurance company, Defendant American Family Insurance ("American Family"), in connection with an accident he had while in California in December of 2017. Dkt. 1. In his Complaint, the Plaintiff alleges that his car was hit by a car driven by Angel Martinez, who was insured by CSAA

ORDER ON MOTION FOR SUMMARY JUDGMENT - 1

1  Insurance Group ("CSAA").  *Id.*  The Plaintiff indicates that he settled his claims with Mr.

2  Martinez and CSAA.  *Id.*  At the time of the accident, the Plaintiff was insured by Defendant but

3  he rejected all first party coverage, both personal injury protection and uninsured motorist

4  protection.  Dkt. 13-1, at 2-160.

5      This case is one of several cases that the Plaintiff, *pro se,* has brought against American

6  Family, Mr. Martinez and CSAA in connection with the accident.  *See e.g. Friend v. Martinez,*

7  *et. al.,* United States District Court for the Central District of California case number 19-

8  6555TJH (First Amended Complaint filed in the record here at Dkt. 13-1, at 162-165); *Friend v.*

9  *Martinez, et. al.,* Pierce County, Washington Superior Court case 19-2-12065-2 (Complaint filed

10 in the record here at Dkt. 13-1, at 178-182); *Friend v. Martinez, et. al.,* Pierce County,

11 Washington Superior Court case 20-2-04527-1 (Complaint filed in the record here at Dkt. 13-2,

12 at 22-25).  On April 22, 2021, the Pierce County Superior Court granted Defendant American

13 Family's Motion for Summary Judgment.  *Friend v. Martinez, et. al.,* Pierce County, Washington

14 Superior Court case 20-2-04527-1 (Dkt. 13-2, at 27-28).  In that case, the Plaintiff was claiming

15 the American Family breached its duty to help him recover from Mr. Martinez and CSAA.  Dkt.

16 13-2 at 33-34; 13-2, at 78-79.  He asserted that they did not fulfill their "obligation to help him."

17 *Id.*  That case was set to begin trial a few days after the motion for summary judgment was

18 granted.  Dkt. 13.

19 **B. PENDING MOTION**

20     In the pending motion, American Family moves for dismissal of the case, arguing that res

21 judicata bars the Plaintiff's claims and to have the Plaintiff declared a vexatious litigant.  Dkt.

22 12.  The Plaintiff responded (Dkt. 15) and American Family filed a reply (Dkt. 16).  The motion

23 is ready for decision.

24

## II. DISCUSSION

### A. STATE SUBSTANTIVE AND FEDERAL PROCEDURAL LAW APPLIES

The Plaintiff's claim for bad faith is a state law claim. Dkt. 1. The Court is asserted to have jurisdiction over the case due to the diversity of the parties' citizenship under 28 U.S.C. § 1332.

Under the rule of *Erie R.R. Co. v. Tompkins*, 304 U.S. 64 (1938), federal courts sitting in diversity jurisdiction, as here, apply state substantive law and federal procedural law. *Gasperini v. Center for Humanities, Inc.*, 518 U.S. 415, 427 (1996). In applying Washington law, the Court must apply the law as it believes the Washington Supreme Court would apply it. *Gravquick A/S v. Trimble Navigation Intern. Ltd.*, 323 F.3d 1219, 1222 (9th Cir. 2003).

### B. SUMMARY JUDGMENT STANDARD

Summary judgment is proper only if the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law. Fed. R. Civ. P. 56 (a). The moving party is entitled to judgment as a matter of law when the nonmoving party fails to make a sufficient showing on an essential element of a claim in the case on which the nonmoving party has the burden of proof. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1985). There is no genuine issue of fact for trial where the record, taken as a whole, could not lead a rational trier of fact to find for the nonmoving party. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986)(nonmoving party must present specific, significant probative evidence, not simply "some metaphysical doubt."). Conversely, a genuine dispute over a material fact exists if there is sufficient evidence supporting the claimed factual dispute, requiring a judge or jury to resolve the differing versions of the truth. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 253 (1986);

*T.W. Elec. Service Inc. v. Pacific Electrical Contractors Association*, 809 F.2d 626, 630 (9th Cir. 1987).

The determination of the existence of a material fact is often a close question. The court must consider the substantive evidentiary burden that the nonmoving party must meet at trial – e.g., a preponderance of the evidence in most civil cases. *Anderson*, 477 U.S. at 254, T.W. *Elect. Service Inc.*, 809 F.2d at 630. The court must resolve any factual issues of controversy in favor of the nonmoving party only when the facts specifically attested by that party contradict facts specifically attested by the moving party. The nonmoving party may not merely state that it will discredit the moving party's evidence at trial, in the hopes that evidence can be developed at trial to support the claim. *T.W. Elect. Service Inc.*, 809 F.2d at 630 (relying on *Anderson, supra*). Conclusory, non-specific statements in affidavits are not sufficient, and "missing facts" will not be "presumed." *Lujan v. National Wildlife Federation*, 497 U.S. 871, 888-89 (1990).

**C. RES JUDICATA**

When the prior lawsuit is litigated in state court and results in a state court judgment, as here, federal courts apply the res judicata law of the state in which the judgment was rendered. *See Valley Wood Preserving v. Paul,* 785 F.2d 751, 753 (9th Cir. 1986).

The prior lawsuit to which American Family points is *Friend v. Martinez, et. al.,* Pierce County, Washington Superior Court case 20-2-04527-1. In Washington, "[r]es judicata, or claim preclusion, bars litigation of claims that were brought or might have been brought in a prior proceeding." *Weaver v. City of Everett*, 194 Wn.2d 464, 473 (2019). "A party seeking to apply res judicata must establish four elements as between a prior action and a subsequent challenged action: concurrence of identity (1) of subject-matter; (2) of cause of action; (3) of persons and parties; and (4) in the quality of the persons for or against whom the claim is made." *Id.,* at 480.

American Family's motion for summary judgment based on res judicata (Dkt. 12) should be granted. As to the first element, it has established that the subject matter of this case and of *Friend v. Martinez, et. al.,* Pierce County, Washington Superior Court case 20-2-04527-1 are the same: they both deal with the car accident and American Family's subsequent treatment of the Plaintiff. In consideration of the second element, although the Plaintiff labels the claim in this case a "bad faith claim," his prior claim against American Family was in essence a bad faith claim – that American Family acted violated its duty when it failed to help him with his claims against Mr. Martinez and CSAA, failed to take an interest in his medical bills, and failed to give him an accident report. These are the same claims he asserts here. American Family has shown that the third and fourth elements of res judicata are met - both it and the Plaintiff were parties in *Friend v. Martinez, et. al.,* Pierce County, Washington Superior Court case 20-2-04527-1 and are identically situated in both cases (the Plaintiff is/was the plaintiff in both lawsuits and American Family is/was a defendant). *See Bordeaux v. Ingersoll Rand Co.,* 71 Wn.2d 392 (1967).

Lastly, application of res judicata here would not work an injustice. The Plaintiff has had a full opportunity to litigate his claim against American Family. The Pierce County Court dismissed it on summary judgment. This Court is obligated to give full faith and credit to that judgment. *See* U.S. Const. Art. IV, Sec. 1. This case should be dismissed because the Plaintiff's claim is barred by res judicata.

**D. VEXATIOUS LITIGANT**

American Family also moves to have the Plaintiff declared a vexatious litigant. The All Writs Act, 28 U.S.C. § 1651(a), provides district courts with the inherent power to issue all writs necessary or appropriate in aid of the court's jurisdiction and agreeable to the usages and principles of law. Federal courts can regulate the activities of abusive litigants by imposing

carefully tailored restrictions under appropriate circumstances. *Ringgold-Lockhard v. County of Los Angeles*, 761 F.3d 1047, 1061 (9th Cir. 2014), citing *De Long v. Hennessey*, 912 F.2d 1144, 1147 (9th Cir. 1990).

American Family's motion to have the Plaintiff declared a vexatious litigant (Dkt. 12) should be denied without prejudice. While the Plaintiff has engaged in harassing and frivolous behavior, a bar order is not yet appropriate. The Plaintiff should be on notice that if he choses to continue harassing behavior or filing frivolous motions or cases, he could be subject to an order restricting his access to the courts.

### III. ORDER

Therefore, it is hereby **ORDERED** that:

- Defendant American Family's Motion for Summary Judgment (Dkt. 12) **IS GRANTED**
- Plaintiff's claim **IS DISMISSED**;
- Defendant American Family's motion to have the Plaintiff declared a vexatious litigant (Dkt. 12) **IS DENIED WITHOUT PREJUDICE**; and
- This case **IS CLOSED**.

The Clerk is directed to send uncertified copies of this Order to all counsel of record and to any party appearing pro se at said party's last known address.

Dated this 29th day of June, 2021.

ROBERT J. BRYAN
United States District Judge